**Michael T. Clarke, OSB #051362**
mike@clarkegriffin.com
CLARKE GRIFFIN, LLC
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
Tel: (503) 543-4800
Fax: (888) 543-4806

    Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CATHLEEN OWEN**, an individual; and **GREG OWEN**, an individual,<br><br>                 Plaintiffs,<br><br>    v.<br><br>**DEER POINT MEADOWS INVESTMENTS LLC**, dba **WESTERN HILLS MOBILE HOME ESTATES**, a Washington limited liability company; and **MICHAEL WERNER**, an individual,<br><br>                 Defendants. | CV No.:<br><br>**COMPLAINT;**<br><br>**DEMAND FOR JURY TRIAL** |

Cathleen and Greg Owen ("Plaintiffs") allege as follows:

### THE PARTIES

1. Cathleen Owen is an individual who resides in Oregon.
2. Greg Owen is an individual who resides in Oregon.
3. Deer Point Investments LLC is a limited liability company organized under the laws of Washington, doing business in Oregon as Western Hills Mobile Home Estates ("WHMH").

Page 1 – COMPLAINT

Western Hills Mobile Home Estates is engaged in the business of renting and selling mobile homes and spaces upon which mobile homes may be parked.

4. Michael Werner is an individual who resides in Washington.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3604. This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1391 because the events that gave rise to the claims against the parties occurred therein.

## FACTUAL ALLEGATIONS

7. On January 1, 2013 Plaintiffs and Defendant WHMH entered into an agreement whereby Plaintiffs would lease with the option to purchase a mobile home from Defendant WHMH.

8. The lease agreement was set to terminate on October 15, 2015.

9. The property that Plaintiffs leased from Defendant WHMH was located at 74866 Doan Road #57, Rainier OR.

10. Maureen Schmaing ("Schmaing") is the on-site manager of Defendant WHMH and, at all relevant times, was acting within the scope of her employment.

11. On July 30, 2014 Schmaing filed a petition for a stalking protective order in Columbia County, Oregon against Greg Owen.

12. A Columbia County Judge issued a temporary order,, on August 1, 2014 and a hearing was scheduled for August 18, 2014.

13. Subsequently, Defendant WHMH delivered a 24-hour notice of eviction to Plaintiffs, with the temporary stalking order attached, on August 14, 2014.

14. The temporary stalking order was dismissed by the Columbia County Circuit Court and judgment entered on August 19, 2014.

15. Defendant WHMH filed a residential eviction complaint against Greg Owen in Columbia County, Oregon on August 14, 2014 and a hearing was scheduled for August 19, 2014.

Page 2 –  COMPLAINT

16. On August 27, 2014 Plaintiffs entered into a stipulated agreement with Defendant WHMH to vacate the premises.
17. Plaintiffs and Defendant WHMH were both represented by legal counsel at the time that the parties negotiated and memorialized the stipulated agreement.
18. The agreement that the parties negotiated stated, in relevant part, that the Plaintiffs should vacate the premises no later than September 3, 2014; that they should leave the property in "substantially the same condition" it was in when they took possession of it; and that, in return for these actions, Defendant WHMH should return Plaintiffs' deposit of $2,000.
19. The stipulated agreement also stated that, should any disputes regarding the condition of the premises arise, the security deposit paid by Plaintiffs would be placed in trust pending a hearing to determine the condition of the home.
20. Judgment was entered in Columbia County, Oregon in favor of Defendant WHMH pursuant to the stipulated agreement on August 27, 2014.
21. On the morning of September 4, 2014 Plaintiffs asked Schmaing to conduct a walkthrough of the premises that they had vacated pursuant to their agreement.
22. Schmaing informed Plaintiffs that she would conduct the walkthrough within fifteen minutes.
23. Several hours later, Schmaing arrived on-site but refused to conduct the walkthrough because she was "too busy" with other things.
24. On September 4, 2014 Plaintiffs' legal counsel contacted Defendant WHMH's legal counsel to inquire as to why Defendant WHMH had not yet performed its duty under the agreement to conduct a walkthrough of the premises and return the security deposit as promised.
25. Defendant Michael Werner ("Werner") is the owner of Defendant WHMH.
26. On September 4, 2014, in response to Plaintiffs' inquiry, Defendant Werner arrived on the premises and conducted the walkthrough on behalf of Defendant WHMH.
27. Rather than return the $2,000 as promised in the stipulated agreement, Defendant Werner (acting on behalf of Defendant WHMH) threatened to keep the entire amount unless Plaintiffs agreed to accept a lesser amount and sign a release agreement.
28. Left with no choice but to sign and accept or receive nothing, Plaintiffs signed the release agreement and took the $1,600 offered by Defendant WHMH.

Page 3 –  COMPLAINT

## FIRST CLAIM FOR RELIEF
## Breach of Duty of Good Faith and Fair Dealing

29. Plaintiffs re-allege and incorporate all previous paragraphs of the complaint as if fully stated herein.
30. Plaintiff Cathleen Owen is a disabled veteran who suffers from post-traumatic stress disorder.
31. Plaintiff Greg Owen suffers from physical and mental injuries after being physically assaulted. These injuries affect his ability to understand written documents and the legal effect of such agreements.
32. At all relevant times, Defendant Werner was acting within the scope of his position as an agent of Defendant WHMH.
33. Defendant Werner and Defendant WHMH knew or should have known of Plaintiffs' reduced mental capacities.
34. On September 4, 2014 the property was in substantially the same condition that it was in when Plaintiffs took possession of it.
35. Neither of the Plaintiffs had legal counsel present on September 4, 2014 when the walkthrough was conducted.
36. Despite having no legal counsel present, and despite the existence of a stipulated agreement and court order dictating that any disputes should result in a hearing to determine the condition of the premises, Defendant Werner refused to return the $2,000 security deposit as required by the stipulated agreement.
37. Rather than follow the terms of the stipulated agreement, Defendant Werner engaged in a course of conduct designed to unilaterally impose new conditions upon Plaintiffs.
38. During the discussions, Plaintiff Cathleen Owen became distraught and was no longer able to discuss the return of her security deposit with Defendant Werner, leaving Plaintiff Greg Owen to attempt to recover the amount that Plaintiffs were due under the stipulated agreement and judgment.

39. Defendant Werner's attempt to force Plaintiffs to accept a lesser amount than was negotiated by counsel and memorialized in the stipulated agreement was a breach of the duty of good faith and fair dealing as implied in all contracts and as required under ORS 90.130.
40. As a result of Defendant Werner and WHMH's actions, Plaintiffs suffered general damages consisting of economic harm and emotional distress.

## SECOND CLAIM FOR RELIEF
### Retaliation (ORS 90.385/90.765)

41. Plaintiffs re-allege and incorporate all previous paragraphs of the complaint as if fully stated herein.
42. On August 18, 2014 Plaintiff Greg Owen appeared in Columbia County Circuit Court to defend himself against the temporary stalking order filed by Schmaing and testified on his own behalf. Schmaing also appeared and testified.
43. The events that formed the basis of Schmaing's petition occurred on premises owned by Defendant WHMH, during Schmaing's working hours and were related to her duties as the on-site manager of Defendant WHMH.
44. After Plaintiff Greg Owen successfully defended himself in the judicial proceedings that addressed the temporary stalking order, Schmaing and Defendant Werner refused to honor the terms of the stipulated agreement that was entered into between Defendant WHMH and Plaintiffs to return their security deposit.
45. Defendant Werner's refusal, on behalf of Defendant WHMH, to return the security deposit pursuant to the stipulated agreement constituted an increase in rent and/or decrease in services.
46. As a result of Defendant Werner and Defendant WHMH's actions, Plaintiffs suffered general damages consisting of economic harm and emotional distress.

## THIRD CLAIM FOR RELIEF
### Unlawful Use of Civil Proceedings

47. Plaintiffs re-allege and incorporate all previous paragraphs of the complaint as if fully stated herein.

**Page 5 –  COMPLAINT**

48. Despite having access to other remedies, Schmaing used the stalking protective order as a method of evicting Plaintiffs without having to wait the statutory 60-day time period required by law.
49. Schmaing knew or should have known that stalking protective orders were not available in landlord-tenant disputes.
50. The judge who heard the stalking protective case on August 18, 2014 found that all of the events that Schmaing alleged to have occurred were related to her duties as the on-site manager of Defendant WHMH, and were not directed at her as an individual.
51. Plaintiff Greg Owen ultimately prevailed and the stalking order was dismissed on the grounds that such orders are not appropriate in landlord-tenant disputes.
52. Defendant WHMH is vicariously liable for Schmaing's actions, as they were undertaken on behalf of her employer and were directly related to activities conducted within the scope of her employment.
53. As a result of Defendant WHMH's actions, Plaintiffs suffered general damages consisting of economic harm and emotional distress.

## FOURTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

54. Plaintiffs re-allege and incorporate all previous paragraphs of the complaint as if fully stated herein.
55. Defendant WHMH, acting by and through its agent Defendant Werner and employee Schmaing, intentionally inflicted emotional distress upon Plaintiffs by refusing to honor the stipulated agreement and unilaterally changing the terms of the agreement without allowing Plaintiffs an opportunity to consult with, or be represented by, legal counsel on September 4, 2014.
56. Plaintiffs suffered emotional distress due to Defendants' actions.
57. Because Defendants knew or should have known that Plaintiffs would suffer severe emotional distress due to their actions, and exacerbated by the disabilities suffered by both Plaintiffs, Defendants' actions were outside the bounds of socially tolerable conduct.
58. As a result of Defendants' actions, Plaintiffs suffered general damages consisting of emotional distress.

## FIFTH CLAIM FOR RELIEF

### Unlawful Discrimination (42 U.S.C. § 3604)

59. Plaintiffs re-allege and incorporate all previous paragraphs of the complaint as if fully stated herein.
60. Despite the fact that Defendants knew or should have known that Plaintiffs suffered disabilities that would render them unable to successfully negotiate a fair agreement, Defendants denied Plaintiffs an opportunity to have counsel present on September 4, 2014 when they attempted to claim the security deposit due to them pursuant to the stipulated agreement.
61. Instead of complying with the stipulated agreement, Defendants refused to return any monies unless Plaintiffs signed a release agreement and accepted less than the agreed upon amount.
62. Defendants' actions constituted a failure to provide reasonable accommodations as required by law.
63. As a result of Defendants' actions, Plaintiffs suffered general damages consisting of economic harm and emotional distress.

## DEMAND FOR JURY TRIAL

64. Plaintiffs demand a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A. On their first claim for relief (Breach of Duty of Good Faith and Fair Dealing), compensatory damages resulting from economic harm and emotional distress, as well as attorney's fees pursuant to ORS 90.255 in an amount to be determined at trial;
B. On their second claim for relief (Retaliation), compensatory damages resulting from economic harm and emotional distress, as well as attorney's fees pursuant to ORS 90.255 in an amount to be determined at trial;

Page 7 –  COMPLAINT

C. On their third claim for relief (Unlawful Use of Civil Proceedings), compensatory damages resulting from economic harm and emotional distress, as well as attorney's fees pursuant to ORS 90.255 in an amount to be determined at trial;

D. On their fourth claim for relief (Intentional Infliction of Emotional Distress), compensatory damages resulting from emotional distress, as well as attorney's fees pursuant to ORS 90.255 in an amount to be determined at trial;

E. On their fifth claim for relief (Unlawful Discrimination pursuant to 42 U.S.C. § 3604), compensatory damages resulting from economic harm and emotional distress, as well as attorney fees and punitive damages in an amount to be determined at trial;

F. Punitive damages as allowed by law;

G. Prejudgment interest as allowed by law; and

H. For any other just relief.

Dated this 24 day of September, 2014.

By: /s/ Michael Clarke
Michael T. Clarke, OSB #051362
Attorney for Plaintiffs

Page 8 –  COMPLAINT